**Jack BURNINGTREE, Plaintiff,**

**v.**

**Edward J. HOLLAND, Jr.,
Principal Defendant,**

**v.**

**JOBETE MUSIC COMPANY, INC., Motown Record Corporation, and United States of America, Garnishee Defendants.**

**No. 90–71127.**

United States District Court,
E.D. Michigan, S.D.

Jan. 11, 1991.

John C. Auld, Detroit, Mich., for plaintiff.

Frederick Patmon, Detroit, Mich., James Vlasic, Southfield, Mich., Thomas Clark, Dan Houlf, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

COHN, District Judge.

Now before the Court is the United States' motion to dismiss this action as moot in light of the agreement it has reached with plaintiff Jack Burningtree (Burningtree).

This case first came to the Court's docket when garnishee defendant Jobete Music Company, Inc. (Jobete), unsure of the extent of its liability to Burningtree under a state court garnishment and the extent of its liability to the Internal Revenue Service under a tax levy, sought and obtained an order dated March 16, 1990 adding the United States as a defendant in Burningtree's garnishment action against defendant Edward J. Holland, Jr. and Jobete in Wayne County Circuit Court. The United States then removed the case to this Court. 28 U.S.C. § 1441. Subsequently, Burningtree served Jobete with an affidavit and writ of garnishment on October 22, 1990, and Jobete filed its garnishee disclosure on October 25, 1990.

On October 30, 1990, the Court entered an order authorizing Jobete to deposit royalty proceeds owed to Holland as of Sep-

tember 1, 1990 [1] with the Clerk of the Court and dismissing Jobete from liability as to those funds. On November 6, 1990, Jobete deposited $278,275.83 with the Clerk of the Court pursuant to the Court's order. On the same date, the United States and Burningtree entered into a "Stipulation Regarding Royalty Proceeds" in which they agreed to divide the royalty proceeds and accrued interest held by Jobete. That is, they agreed to divide the $278,275.83 deposited by Jobete with the Clerk of the Court.

Holland has filed papers opposing the United States' motion to dismiss on the ground that the case is not moot because he challenges the Internal Revenue Service's tax levies and Burningtree's writs of garnishment. In addition, he asks that the Court dismiss the action for lack of jurisdiction and order the Clerk to pay him the money that Jobete has deposited. He also has filed papers styled Motion to Quash Affidavit and Writ of Garnishment.

Jobete has filed a response to the government's motion to dismiss, arguing 1) that this Court had jurisdiction of the action under 28 U.S.C. § 2410(a)(1), and 2) that this case is not moot until after the funds deposited with the Court have been paid to one of the parties.

On November 21, 1990, two days after the Court heard oral argument on the motions filed by the United States and Holland, Burningtree filed papers asserting that Holland's motion was rendered moot by Jobete's garnishee disclosure and subsequent deposit of $278,275.83 with the Clerk of the Court.

■ The Court concludes that Jobete and Burningtree are essentially correct. Despite the United States' prior motion to dismiss on the ground that it had not consented to suit, the action removed to this Court from Wayne County Circuit Court is an action over which the Court appropriately exercised its jurisdiction, pursuant to 28 U.S.C. § 2410(a)(1). It is a proper interpleader action, unlike previous actions involving Jobete, Holland, and the United States,[2] because Burningtree is involved, and there are sufficiently adverse claimants. Now that the adverse claimants have reached a settlement and are no longer adverse, the Court no longer has jurisdiction, and the case must be dismissed.

The settlement transforms the matter into the same case that the Court dismissed last winter, *Jobete Music Co. v. Holland,* 89–71888, telling Jobete to pay the royalties that it owed to Holland to the United States because it could not be liable to Holland under 26 U.S.C. § 6332(e). However, because Jobete has deposited the money with the Clerk of the Court, the Court must order the money to be paid to the United States at this time. In addition, because of his settlement agreement with the United States, Burningtree is entitled to half of the money that was deposited. Holland's recourse, as always, is to sue the government for a refund. Holland has never really had any right to the money because the interpleader action was between the United States and Burningtree. Moreover, as long as the Internal Revenue Service is involved and his tax debts remain unpaid, Holland cannot get any of the money unless he files an action for a refund.

■ Finally, as to Holland's motion to quash the affidavit and writ of garnishment, the Court agrees with Burningtree that the issue became moot when Jobete filed its garnishee disclosure. It is clearly Jobete's responsibility as garnishee defendant to serve Holland with the writ of garnishment. If Jobete has failed to fulfill its responsibility, Holland may seek redress against Jobete. Furthermore, once the money on deposit with the Clerk of the Court is paid out, the Court no longer has jurisdiction to do anything in the case. At that point, any matters remaining on the Court's docket are remanded to state court without prejudice to the rights of any of the parties.

**1.** On September 1, 1990, royalty proceeds in the amount of $275,828.35 became payable to Holland.

**2.** *Jobete Music Co. v. Holland,* No. 89–71888; and *Jobete Music Co. v. Holland,* No. 87–73307.

The Clerk of the Court is authorized to pay 50 percent of the $278,275.83 and interest accrued since November 6, 1990 to the United States. The other 50 percent shall be paid to Burningtree. The garnishment action is DISMISSED as moot, and the principal case is REMANDED to Wayne County Circuit Court.

SO ORDERED.